THE HALLSTROM LAW FIRM, PLLC
Kyle Hallstrom (No. 026259)
1221 E. Osborn Road Suite 101
Phoenix, AZ 85016
Telephone: (602) 732-5530
Email: kyle@hallstromlawfirm.com

Attorneys for Defendants

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Nathan Kyle Edwards,<br><br>Debtor. | Case No.: 2:20-bk-10159-EPB<br><br>**ANSWER OF DEFENDANTS** |
| Nathan Kyle Edwards,<br><br>Plaintiff,<br><br>v.<br><br>CPI, Inc. and The Hallstrom Law Firm, PLLC,<br><br>Defendants | |

    Defendants CPI Inc. ("CPI") and The Hallstrom Law Firm PLLC ("HLF") hereby answer the Complaint of Debtor Nathan Kyle Edwards for violation of the automatic stay as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

4. Admitted in part, denied in part. The term "affiliate with" is ambiguous and unclear, and therefore denied. HLF is an Arizona corporation that represents CPI as its attorney for collections matters.

5. Admitted as to CPI, and as to HLF solely in its capacity as CPI's collections attorney.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted the Certificate of Notice was issued. HLF received its copy on September 15, 2020 as detailed below.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted in part, denied in part. The service of the Complaint was "intentional" under the low bar applicable to stay violations, but for all practical definitions was inadvertent. HLF's counsel signed the Complaint filed against Mr. Edwards on September 8, 2020, before being aware bankruptcy was filed. HLF provided it the next day to its independent third-party process server to file and serve. HLF's principal, Kyle Hallstrom, received Mr. Edwards' Notice of Bankruptcy on September 15, 2020 and immediately entered the bankruptcy into HLF's internal systems, halting all internal work. Mr. Hallstrom inadvertently failed to realize a Complaint remained outstanding with the process server at the time the Notice of Bankruptcy was received, and so failed to notify the process server of the bankruptcy, resulting in its accidental improper service. Mr. Edwards and his counsel made no effort whatsoever to contact HLF after the service or address the matter informally, instead immediately filing the instant lawsuit and seeking to drive up the fees and costs incurred for correcting this matter. CPI played no part in the stay violation

apart from its pre-petition hiring of HLF.

14. Denied. Mr. Edwards' vague allegations of emotional damage resulting from the mere service of a lawsuit are not credible, nor are they compensable under case law or common sense.

15. Denied.

16. Denied.

17. Admitted in part, denied in part. Plaintiff incurred zero legal fees or costs "attempting to resolve this issue" because Plaintiff made no such effort. They simply filed suit without so much as a phone call or letter to Defendants regarding service, either one of which would have resolved the matter in its entirety. Defendant had already halted all internal work on Plaintiff's file, and no further efforts to collect his outstanding debt would have been made. Plaintiff's legal fees and costs were not reasonably incurred, and are functionally self-inflicted.

18. Denied.

19. The foregoing responses are incorporated herein by reference.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted Mr. Edwards would be entitled to actual damages under the cited statute. Denied that the conduct alleged caused Mr. Edwards any actual, compensable damages.

25. Denied.

26. The foregoing responses are incorporated herein by reference.

27. Admitted as to reasonably attorneys' fees only.

28. Admitted as to reasonable attorneys' fees only.

29. Admitted as to the legal concept alleged, denied that sanctions are appropriate in this case.

30. Defendants deny any allegation not affirmatively admitted above.

31. Defendants affirmatively allege that the stay violation was an inadvertent error of omission on the part of HLF's principal, the failure to pull back a service of process attempt by a third-party contractor that was already proceeding with service HLF received notice of the bankruptcy. This error caused no actual damage to Mr. Edwards, and no further collections efforts were made or would have been made by Defendants.

32. Defendants affirmatively allege that the reasonable attorneys' fee awardable for correcting this admitted error of inadvertent would be the value of roughly 0.1 hours of Debtor's counsel's time, representing the time necessary to call, email, or write a form letter to HLF regarding the service of process and confirm the stay was actively in place.

33. Defendants affirmatively allege in the alternative that they offered in writing on December 16, 2020 to pay all Mr. Edwards' reasonable costs and attorneys' fees incurred as of that date to settle the suit, and Mr. Edwards refused that offer, as set forth in the email chain attached as Exhibit 1 hereto.

34. Defendants affirmatively allege that Mr. Edwards' conduct in litigation suggests this litigation is no longer a good faith attempt to protect Mr. Edwards from wrongful conduct, but rather a deliberate attempt to run up fees and costs for a minor and inadvertent stay violation (of no practical consequence) in hopes the threat of such an award under the fee- and cost-shifting statutes will result in an *in terrorem* payment from Defendants or an award from the Court that is grossly disproportional to the actual damage caused or efforts required to remedy it.

WHEREFORE, Defendants pray as follows:

A. That Plaintiff be awarded zero dollars for compensatory damages, in that he has suffered none;

| | |
|---|---|
| 1 | B. That Plaintiff's claims for punitive damages and sanctions be denied; |
| 2 | C. That Plaintiff be awarded his <u>reasonable</u> attorneys' fees incurred addressing this stay violation, which Defendants contend are either the 0.1 hours of time that would have been spent contacting HLF regarding the service of process or, in the alternative, the attorneys' fees Mr. Edwards incurred as of the December 16, 2020 offer to pay all such fees incurred to date; and |
| 7 | D. That Plaintiff be awarded his <u>reasonable</u> costs incurred in pursuing this proceeding, which Defendants contend are either zero (since no effort was made to resolve this short of lawsuit) or those costs incurred prior to the December 16, 2020 offer to pay all such costs incurred to date; and |
| 11 | E. For such other and further relief as the Court deems just and proper. |

RESPECTFULLY SUBMITTED this December 22, 2020.

THE HALLSTROM LAW FIRM, PLLC

By */s/ Kyle Hallstrom*
Kyle Hallstrom
*Attorney for Defendants*

# Exhibit 1

# Kyle Hallstrom

**From:** Kenneth Neeley <kenn@neeleylaw.com>
**Sent:** Wednesday, December 16, 2020 1:26 PM
**To:** Kyle Hallstrom
**Cc:** Caley Meegan
**Subject:** RE: Email contact

Hi Kyle,

Thanks for taking some time to think about it.

I have advised Mr. Edwards that I have litigated enough of these to know how seriously the bankruptcy judges take them. I've had several in front of Judge Ballinger, and I am confident I will get all my legal fees plus damages for him.

Therefore, Mr. Edwards has decided to reject the offer.

**Kenn Neeley**
*Owner / Attorney & Counselor at Law*



# NEELEY LAW

**a.** 1120 S Dobson Rd, Ste 230, Chandler, AZ 85286
**p.** 480.802.4647
**e.** kenn@neeleylaw.com
**w.** www.NeeleyLaw.com



Neeley Law helps people and companies obtain the protection offered by bankruptcy law. We are a Debt Relief Agency. The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender and delete this message, along with any attachments, from your computer.

**From:** Kyle Hallstrom <kyle@hallstromlawfirm.com>
**Sent:** Wednesday, December 16, 2020 12:59 PM
**To:** Kenneth Neeley <kenn@neeleylaw.com>
**Cc:** Kyle Hallstrom <kyle@hallstromlawfirm.com>
**Subject:** RE: Email contact

Kenn,

Thanks again for calling me back earlier. As I expressed on the phone, I signed off on the Complaint against Mr. Edwards on September 8, before receiving notice of the bankruptcy, and handed it to my process server to be filed and served. I received notice of this bankruptcy on September 15 and immediately updated our system to reflect the BK filing and stop all work on the file within our firm. I failed to realize that our process server still had a copy of the Complaint in

hand, and failed to contact him to pull the Complaint back before he served it. That inadvertently resulted in your client being served, a minor stay violation which is 100% my responsibility.

That said, I am frustrated you didn't even attempt to call me up to resolve this, or shoot me an email, or send me a letter. I had already shut the case down within our system the day I received notice of the bankruptcy, and would have of course apologized and remedied the service problem without a second thought. I in fact prepared a Notice of Bankruptcy to go to the Justice Court the day I received your Complaint. I would also have gladly paid the 0.1 of your time it would have taken to get the situation fixed. The decision to file suit without making any effort to resolve the issue short of litigation smacks of an attempt to unreasonably run up fees on an extremely minor violation of the stay that caused zero practical consequence or damage to your client. Being served with a lawsuit is not a reasonable basis for compensable emotional damages, nor is any of the conduct above "egregious" such that it would merit sanctions.

I get that you have to advocate for your client, but I don't think anything beyond the 0.1 hours of time it would have taken to resolve this case without litigation is "reasonable" as an attorneys' fee award. Nevertheless, in the interest of resolving this, if you are willing to send me the invoices you have sent your client for addressing this stay violation, up to and including our ten minute conversation this morning, I will make your client whole for the actual attorneys' fees he has actually incurred addressing this stay violation (assuming you're charging a market rate and allotting a reasonable amount of time to tasks for an attorney of your experience and caliber). Zero dollars will be offered, now or in the future, for alleged emotional damages absent some proof of actual, cognizable, and specific harm. I also stress that while I am offering to pay the fees incurred so far, the only reason those fees were incurred is because you chose to incur them in the hope of running up a fee award rather than offer licensed counsel the professional courtesy of a phone call to attempt to resolve the case.

I hope you will take me up on this offer and send the invoices for my review. If not, please be advised I do intend to offer this email as an exhibit opposing any application for fees you may make for prosecuting this unnecessary lawsuit.

Regards,

_____
Kyle Hallstrom
The Hallstrom Law Firm, PLLC
1221 E. Osborn Road #101
Phoenix, AZ 85014
P: (602) 732-5530  F: (602) 732-5531
HallstromLawFirm.com

This message is confidential and may contain privileged information. Only the intended recipient is authorized to read or utilize the information contained in this email. If you receive this message in error, please discard the messand and advise the sender by reply email or phone. This firm engages in debt collection. Pursuant to the FDCPA, treat this communication as an attempt to collect a debt. Any information obtained will be used for that purpose.

**From:** Kenneth Neeley <kenn@neeleylaw.com>
**Sent:** Wednesday, December 16, 2020 10:55 AM
**To:** Kyle Hallstrom <kyle@hallstromlawfirm.com>
**Subject:** RE: Email contact

Got it, thanks!

**Kenn Neeley**
*Owner / Attorney & Counselor at Law*



a. 1120 S Dobson Rd, Ste 230, Chandler, AZ 85286


p. 480.802.4647
e. kenn@neeleylaw.com
w. www.NeeleyLaw.com



Neeley Law helps people and companies obtain the protection offered by bankruptcy law. We are a Debt Relief Agency. The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender and delete this message, along with any attachments, from your computer.

**From:** Kyle Hallstrom <kyle@hallstromlawfirm.com>
**Sent:** Wednesday, December 16, 2020 10:52 AM
**To:** Kenneth Neeley <kenn@neeleylaw.com>
**Cc:** Kyle Hallstrom <kyle@hallstromlawfirm.com>
**Subject:** Email contact

_____
Kyle Hallstrom
The Hallstrom Law Firm, PLLC
1221 E. Osborn Road #101
Phoenix, AZ 85014
P: (602) 732-5530  F: (602) 732-5531
HallstromLawFirm.com

This message is confidential and may contain privileged information. Only the intended recipient is authorized to read or utilize the information contained in this email. If you receive this message in error, please discard the messand and advise the sender by reply email or phone.  This firm engages in debt collection.  Pursuant to the FDCPA, treat this communication as an attempt to collect a debt.  Any information obtained will be used for that purpose.

3
Case 2:20-bk-10525-EPB    Doc 19    Filed 12/22/20    Entered 12/24/20 11:48:02    Desc
Main Document    Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed and mailed the attached document and its exhibits to the following counsel:

Kenneth L. Neeley
Chris Dutkiewicz
Nicholas T. Van Vleet
Dane Paulsen
Neeley Law Firm, PLC
1120 S. Dobson Road, Suite 230
Chandler, AZ 85286
*Counsel for Debtor/Plaintiff*

/s/ *Kyle Hallstrom*